1  James A. Michel (SBN 184730)
   THE LAW OFFICE OF JAMES MICHEL
2  2912 Diamond St. #373
   San Francisco, CA 94131-3208
3  Tel:    (415) 239-4949
   attyjmichel@gmail.com
4
   Erika Angelos Heath (SBN 304683)
5  FRANCIS MAILMAN SOUMILAS, P.C.
   369 Pine Street, Suite 410
6  San Francisco, CA  94104
   Tel:    (628) 246-1352
7  Fax:    (215) 940-8000
   eheath@consumerlawfirm.com

Attorneys for Plaintiff and the Classes

*Additional attorneys on signature page*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: OSCAR D. TERAN, Debtor | Bankruptcy No. 10-31718 DM<br>Chapter 7 |
| OSCAR D. TERAN, on behalf of himself and all those similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC, NAVIENT CREDIT FINANCE CORPORATION,<br><br>Defendants. | Adversary No. 20-03075<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:     Dec. 3, 2021<br>Time:    9:30 a.m.<br>Location: Virtual<br><br>Hon. Dennis Montali |

In an attempt to circumvent their burden of proof in this case, Defendants desperately raised for the first time at oral argument an out-of-circuit trial court case, *Mader v. Experian Information Solutions, LLC*, Case No. 19-3787 (S.D.N.Y.), Docket Nos. 79, 88, and 128. In Defendants' misguided view, *Mader* lowers their evidentiary burden in proving a "program funded in whole or in part by a governmental unit or nonprofit institution," as set forth in Section 523(a)(8)(A)(i) of the Bankruptcy Code. But *Mader* is not binding on this Court, is not legally or factually like this Circuit's B.A.P. decision in *In re Pilcher*, 149 B.R. 595 (B.A.P. 9th Cir. 1993), and is factually district from the case at bar in material ways.

First, unlike *Pilcher*, *Mader* does not involve a Section 523 claim, or any claim whatsoever under the Bankruptcy Code. Instead, *Mader* is a credit reporting case under section 1681e(b) of the Fair Credit Reporting Act ("FCRA"). In such FCRA cases, the consumer-plaintiff has the burden of proof (unlike the case at bar) and the legal standard for a negligent violation of that section of the FCRA, as the *Mader* court notes, is entirely different from the Section 523 standard that this Court must apply here. *Compare Mader*, ECF 79 at 3 (quoting *Wilson v. Corelogic SafeRent, LLC*, 2017 WL 4357568, at *3 (S.D.N.Y. Sept. 29, 2017) (consumer plaintiff must show, as an element of the *prima facie* case, that there was an "inaccuracy" as to the credit reporting)) *with Roth v. Educ. Credit Mgmt. Corp.*, 490 B.R. 908, 916 (B.A.P. 9th Cir. 2013) ("Under § 523(a)(8), the lender has the initial burden to establish the existence of the debt and that the debt is an educational loan within the statute's parameters."). It thus makes sense that the *Pilcher* court evaluated the creditor's multiparty agreements (which are lacking here) while the *Mader* court faulted the consumer for being unable to prove the lack of government or non-profit funding.

This differing burden of proof is crucial because, also unlike *Pilcher*, the creditor was not even a party to the *Mader* FCRA litigation. Instead, *Mader* was simply an action between the consumer-plaintiff and a large credit bureau, Experian. The decision therefore provides no

1

guidance as to the amount of evidence needed *for a creditor* to prove that a loan falls under the Section 523(a)(8)(A)(i) exception in an adversary proceeding.

Perhaps most importantly, *Mader* is factually distinct. The *Mader* court's very short rendition of the facts makes it plain that the trial court found it undisputed that Mader's loan to study at a theological seminary was made as part of a government-funded student loan program. Such undisputed facts do not exist in the case at bar.

Plaintiff Teran does not disagree with the legal principle that if a qualified student loan is part of a government-funded program, it is then non-dischargeable. *See* 11 U.S.C. § 523(a)(8)(A)(i). But construing the discharge exception narrowly against the creditor, as required by *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998), Defendants here simply do not meet their evidentiary burden of factually demonstrating the existence and funding of such a program in 2008 in connection with Teran's private loan for a post-graduation bar study course for the Texas bar exam given by BarBri, a private non-educational institution.

Unlike *Mader*, Teran does not agree that the loan at issue was non-dischargeable or that it was part of a qualified program in 2008 or that such a program was in fact funded by the federal government (or any nonprofit for that matter) in the relevant time frame.

So the fact that a New York court found such a program for a theological seminar loan, or that the trial court in that case considered that fact to be undisputed, has no bearing on the case at bar.

At the end of the day, for the pending motion, Defendants bear the burden under Section 523 to proffer undisputed evidence of a government or nonprofit funded program that issued the private bar study loan here. They have failed to meet their burden. And a New York FCRA case against a credit bureau, involving a different legal standard and burden of proof, and facts entirely different from the facts in the case, does not help Defendants. Defendants' motion for summary judgment must be denied.

| | |
|---|---|
| | Respectfully submitted, |
| Dated: December 14, 2021 | **OSCAR D. TERAN**, by his attorneys, |

*/s/ Erika Heath*
Erika A. Heath
**FRANCIS MAILMAN SOUMILAS, P.C.**
369 Pine Street, Suite 410
San Francisco, CA 94104
Tel: 628-246-1352
Fax: 215-940-8000
eheath@consumerlawfirm.com

James Michel
**THE LAW OFFICE OF JAMES MICHEL**
2912 Diamond St #373
San Francisco, CA 94131-3208
Tel: (415) 239-4949
attyjmichel@gmail.com

**FRANCIS MAILMAN SOUMILAS, P.C.**
James A. Francis*
John Soumilas*
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600
Fax: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com

*Admitted *Pro Hac Vice*

*Attorneys for Plaintiff and the Class*